COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:     *Sharon Huston v. United Parcel Service, Inc.*

Appellate case number:   01-12-00387-CV

Trial court case number: 2009-59257

Trial court:             270th District Court of Harris County

In her opening brief on appeal, appellant, Sharon Huston, contends that the trial court erroneously denied her an effective opportunity to cross-examine Dr. Francisco Perez, whom she describes as a "key witness" for appellee, United Parcel Service, Inc. ("UPS"). In its brief, UPS first argues that Huston failed to preserve this complaint for appellate review because the appellate record does not contain "any ruling by the trial court affecting Appellant's ability to cross-examine Perez." UPS then disputes Huston's characterization of the trial court's ruling concerning the cross-examination of Dr. Perez. Neither party points to a portion of the existing appellate record that contains this ruling.

On October 2, 2013, Huston filed her reply brief. In this brief, she contends that a court reporter was "present and recording" the pretrial hearing at which the trial court made its ruling concerning the cross-examination of Dr. Perez. She further states:

> The court reporter supplemented the [appellate] record on May 6, 2013 with a transcript of a hearing held on August 19, 2011 that did not contain the ruling in question. At that time, Huston's counsel was informed that there were no other records available. The court reporter sent another letter informing counsel that it could find no additional records of hearings.

Huston now argues that she is entitled to a new trial "based solely on the missing portion of the record" pursuant to Texas Rule of Appellate Procedure 34.6(f). *See* TEX. R. APP. P. 34.6(f) (providing that, if certain circumstances are met, appellant is entitled to new trial when portion of reporter's record is lost or destroyed). Huston attached the affidavits of her two attorneys to support her assertions that she had requested that a court reporter "record the proceedings in this matter," that the court reporter was present at the hearing and transcribing at the time the trial court made the relevant ruling concerning the cross-examination of Dr. Perez, that her attorneys had requested the transcript of this hearing, and that the court reporter informed her attorneys that she had provided "all of the transcripts that she has and there are no other transcripts."

In response, UPS filed a letter with this Court stating that, at the hearing in question, the trial court asked whether a record of the proceeding was necessary and neither party requested that a record be made. UPS's counsel attached his own affidavit to this letter, in which he averred:

> As counsel representing United Parcel Service, Inc., I was present for the entire proceeding, and attended and participated in the hearings of all pre-trial matters, including the hearing on Appellant's offer of page and line designations for the deposition of Dr. Francisco Perez. With respect to this hearing, while the trial court inquired whether a record was necessary, one was not requested by either party. In fact, no record was requested for a majority of the pre-trial proceedings.

In light of these representations by Huston's counsel and UPS's counsel, we abate the appeal and remand the cause to the trial court for further proceedings. On remand, the trial court shall conduct a hearing within thirty days of the date of this order, at which Huston's counsel and UPS's counsel shall be present.

We direct the trial court to make the following findings of fact:

(1)     Whether Huston requested that the pretrial hearing at which the trial court made the ruling concerning cross-examination of Dr. Perez ("the hearing") be transcribed by a court reporter;

(2)     Whether the hearing was actually recorded, either electronically or by other means;

(3)     If the hearing was recorded, whether Huston timely requested the reporter's record;

(4)     If the hearing was recorded, whether a significant portion of the court reporter's notes and records concerning the hearing has been lost, destroyed, or is inaudible for reasons other than the fault of Huston;

(5)     Whether the lost, destroyed, or inaudible portion of the reporter's record is necessary to the appeal's resolution; and

(6)     Whether the lost, destroyed, or inaudible portion of the reporter's record can be replaced by agreement of the parties.

*See* TEX. R. APP. P. 34.6(f) (setting out conditions appellant must meet to obtain new trial as result of lost or destroyed reporter's record); *see also* TEX. GOV'T CODE ANN. § 52.046(a)(1), (5) (Vernon 2013) (providing that, "on request," court reporter shall "attend all sessions of the court" and "furnish a transcript of the reported evidence or other proceedings, in whole or in part . . . .").

The trial court shall have a court reporter record the hearing. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings with this Court within thirty-five days of the date of this order. The court reporter is directed to file the reporter's record of the hearing within thirty-five days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when records that comply

with this order are filed with the Clerk of this Court.  The court coordinator of the trial court shall set a hearing date and notify the parties.

It is so ORDERED.


Judge's signature: /s/ Evelyn V. Keyes
$\boxtimes$ Acting individually    $\square$ Acting for the Court


Date: November 14, 2013